IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-97-FL

| | |
|---|---|
| TOMMIE LEE BARNES, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 24, 26). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R") (DE 28), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For the following reasons, the court rejects the recommendation in the M&R. Plaintiff's motion for judgment on the pleadings is granted, and defendant's motion for judgment on the pleadings is denied.

## BACKGROUND

On August 17, 2018, plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning January 15, 2017. The application was denied initially and upon reconsideration. A hearing was held on September 10, 2019, before an administrative law judge ("ALJ") who determined that plaintiff was not disabled in decision dated

November 19, 2019. On January 13, 2020, the appeals council denied plaintiff's request for review, making defendant's decision final with respect to plaintiff's claims. Plaintiff commenced the instant action on March 13, 2020, seeking judicial review of defendant's decision.

## DISCUSSION

A.     Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).[1] The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

---

[1]     Internal citations and quotation marks are omitted from all citations unless otherwise specified.

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. At

step two, the ALJ found that plaintiff had the following severe impairments: diabetes mellitus with diabetic neuropathy, degenerative disc disease/degenerative joint disease lumbar spine, and obesity. However, at step three, the ALJ determined that these impairments were not severe enough to meet or, either individually or in combination, medically equal one of the listed impairments in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, except he can frequently climb, balance, stoop, kneel, crouch, and crawl, and he can do no overhead reaching or lifting bilaterally but he can frequently reach in other directions. (Tr. 18). At step four, the ALJ concluded plaintiff is capable of performing past relevant work as a security guard. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.  Analysis

Plaintiff argues in his objection to the M&R that the ALJ erred in failing to address the opinion of Dr. Susannah Ogunwo ("Dr. Ogunwo") that plaintiff cannot walk 200 feet without stopping to rest, and that application of a harmless error test to this omission is not warranted. The court agrees.

"Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). The ALJ must "articulate in [her] determination or decision how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [the] case record." Id. § 404.1520c(b). In addition, the ALJ must "explain how [she]

4

considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [her] determination or decision." Id. § 404.1520c(b)(2).

Furthermore, the ALJ's RFC "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." Mascio, 780 F.3d at 636. "[R]emand may be appropriate where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Id. Likewise, "without . . . explanation of the ALJ's reasons for the differing weights [she] assigned various medical opinions, neither [the court of appeals] nor the district court can undertake meaningful substantial-evidence review." Monroe, 826 F.3d at 191. A failure to explain cannot be "reviewed for harmless error where the record contain[s] conflicting or inconclusive evidence." Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 662 n. 6 (4th Cir. 2017).

Here, the record contains a June 20, 2017, certification by plaintiff's physician, Dr. Ogunwo, that plaintiff "[c]annot walk 200 feet without stopping to rest." (Tr. 1137). This certification is made on a form application for "renewal of disability parking placard" for submission to the North Carolina Division of Motor Vehicles. (Id.). The certification is in a section of the form captioned "physician's section," and it includes the prompt that "'Handicapped' shall mean a person with a mobility impairment who, as determined by a licensed physician: (Check all that apply)," where the first choice, "Cannot walk 200 feet without stopping to rest," is checked. (Tr. 1137). The certification is signed by Dr. Ogunwo, with her name, license number, address, and phone number listed below, along with specification of plaintiff as "patient's printed name." (Id.).

5

Dr. Ogunwo's statement on this form that plaintiff "[c]annot walk 200 feet without stopping to rest" constitutes a "[m]edical opinion[]" under the meaning of the social security regulations because it "reflect[s] judgments about the nature and severity of [plaintiff's] impairment(s), including your symptoms, diagnosis and prognosis, [and] what [he] can still do despite impairment(s), and [his] physical . . . restrictions." 20 C.F.R. § 404.1527(a)(1).[2] The ALJ does not mention it, however, anywhere in her decision, much less explain "how persuasive [she] find[s]" it, id. § 404.1520c(b), or "how [she] considered the supportability and consistency factors" in considering it. Id. § 404.1520c(b)(2).

The ALJ's failure to mention Dr. Ogunwo's opinion requires remand both for purposes of consideration of medical opinions in the record and for purposes of the function-by-function analysis. Defendant suggests, nonetheless, that the ALJ's failure to mention the opinion may be disregarded as harmless "because the ALJ plainly considered and discussed the evidence." (Def's Mem. (DE 27) at 16). Defendant points to the ALJ's consideration of "multiple physical evaluations" at Veterans Administration medical centers. (Id.). However, the ALJ's consideration and discussion of the evidence, generally, does not provide an explanation regarding how she considered Dr. Ogunwo's opinion. "[W]ithout . . . explanation of the ALJ's reasons for the differing weights [she] assigned various medical opinions, neither [the court of appeals] nor the district court can undertake meaningful substantial-evidence review." Monroe, 826 F.3d at 191.

---

[2] The court departs from the reasoning of the M&R on the issue of whether Dr. Ogunwo's statement constitutes a medical opinion. Indeed, defendant recognizes in response to plaintiff's motion that "[t]he ALJ was obligated to consider . . . this opinion." (Def's Mem. (DE 27) at 15) (emphasis added). The M&R relies at the outset upon the case Young v. Saul, No. CV 19-220 GJF, 2020 WL 1644301, at *5 (D.N.M. Apr. 2, 2020), for the question whether "merely checking boxes on a certificate of eligibility for a parking placard would even qualify as a medical opinion." (M&R (DE 28) at 10). In Young, however, the ALJ actually acknowledged the opinion in his decision, discounted it, and "explained why he did so," 2020 WL 1644301, at *10, in contrast to the instant case. While the check-box format and the motor vehicle context may provide a reason for discounting the opinion, id., it does not in itself preclude qualification as a medical opinion.

Moreover, this is not a case where Dr. Ogunwo's opinion can be considered duplicative of, or consistent with, other medical opinions in the record, such that a failure to explain could be harmless. Patterson, 846 F.3d at 662 n. 6 (suggesting harmless error review may apply in the case of duplicative or consistent evidence). Defendant points to no other opinion by a medical source addressed by the ALJ that plaintiff cannot walk 200 feet without stopping. Accordingly, remand is required for further consideration of Dr. Ogunwo's opinion in context of the RFC determination.

## CONCLUSION

Based on the foregoing, and upon de novo review of the record, the court rejects the recommendation in the M&R. Plaintiff's motion for judgment on the pleadings (DE 24) is GRANTED, and defendant's motion for judgment on the pleadings (DE 26) is DENIED. This matter is REMANDED to defendant pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order. The clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of September, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge